## B. B. Ellison v. John Focke.

No. 15,409.   (94 Pac. 805.)

Error from Rawlins district court; ABEL C. T. GEIGER, judge. Opinion filed March 7, 1908. Affirmed.

*T. M. Noble,* and *M. A. Wilson,* for plaintiff in error. *Fred Robertson,* and *H. McCaslin,* for defendant in error.

*Per Curiam:* John Focke sued for specific performance. The defendant, B. B. Ellison, pleaded that the contract of sale was conditional, and that he had the right to refund the advance payment and cancel the contract, and offered to do so. A motion to strike out parts of the answer was allowed. A demurrer was then sustained to the amended answer. Pending the suit the land which was the subject of the action was sold at a foreclosure sale, and the proceeds paid into court. When the demurrer was sustained the plaintiff presented a motion to have the fund so in court paid to him. This motion was heard, upon the appearance of parties, and allowed; the order recites that "the court having listened to the evidence and argument, . . . and being duly advised in the premises, sustains said motion." The evidence is not contained in the record. The only exception taken on this hearing was a general exception to the order allowing the motion. Ten days afterward the defendant asked leave to answer, which was refused in an order reciting "which request, in consideration of the foregoing pleadings and statements by counsel, and in the absence of a reason being shown therefor, is by the court refused." Thereupon judgment was entered for the plaintiff for costs.

The case apears to have been tried and the fund disposed of on a motion, instead of being tried upon pleadings in the usual course of practice, in which the fund would have been treated as the subject of the action, in place of the land. As the defendant did not object to the hearing of this motion we must treat him as consenting thereto, and in the absence of the evidence we must presume that the court decided the motion properly. The ruling

upon the demurrer cannot now be reviewed, for the merits of the action have been determined, and nothing remains to try.

If the court erred in rendering judgment for costs against the defendant it cannot be considered here, the amount being less than $100.

The judgment is affirmed.